UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| SYLVIA ASA, EL AL., | : | CASE NO. 1:21-cv-01949 |
| Plaintiff, | : | OPINION & ORDER |
| | : | [Resolving Docs. 12, 20] |
| v. | : | |
| PARKSIDE DWELLINGS RECAPITALIZATION, LLC, ET AL., | : | |
| Defendant. | : | |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

Plaintiff Sylvia Asa and her spouse bring this personal injury suit to recover damages after Plaintiff Asa fell on her apartment building stairs. Plaintiffs sued Asa's apartment building and its management agent in state court, alleging that their negligence caused Plaintiff Asa's fall and resulting injuries.[1]

Defendants Parkside Dwellings Recapitalization, LLC and Signature Housing Solutions, Inc. removed the suit to federal court.[2]

Now, Plaintiffs seek remand to the Cuyahoga County Court of Common Pleas.[3] A recently joined Defendant, Larry's Carpet Service, LLC, also seeks remand.[4] Defendants Parkside Dwellings and Signature Housing Solutions oppose remand.[5]

To decide these motions to remand, this Court must decide whether it has diversity jurisdiction under 28 U.S.C. § 1332. In particular, the Court must resolve two questions

---
[1] Doc. 1-1.
[2] Doc. 1.
[3] Doc. 12.
[4] Doc. 20.
[5] Doc. 13.

Case No. 1:21-cv-01949
GWIN, J.

related to Plaintiff Asa's citizenship under the jurisdiction diversity statute. First, the Court decides whether Plaintiff Asa's domicile is Cleveland or Toronto. After deciding Plaintiff's domicile, the Court considers whether to apply the "stateless" person doctrine governing the jurisdiction over United States citizens domiciled abroad.

For the following reasons, the Court **GRANTS** Plaintiffs' motion to remand and Defendant Larry's Carpet Service, LLC's motion to remand.

I. Background

This suit began after Plaintiff Sylvia Asa fell on her apartment building's stairs.[6] Plaintiff Asa and her husband, Plaintiff Shereen Ezzat, brought a state court suit against the apartment building owner, Defendant Parkside Dwellings, LLC, and its management agent, Defendant Signature Housing Solutions, Inc.[7] Plaintiffs alleged that Asa suffered serious injuries after the fall, causing permanent injuries and requiring surgeries.[8] Plaintiffs alleged that Defendants' negligent maintenance caused Plaintiff Asa's fall on the stairs.[9]

Defendants Parkside Dwellings and Signature Housing Solutions removed the case from the Cuyahoga County Court of Common Pleas to federal court.[10] Defendants invoked this Court's diversity jurisdiction under 28 U.S.C. § 1332(a).[11] Defendants argued that the parties were diverse because Plaintiff Asa was a Canadian citizen and resident, making her an citizen of a foreign state under the diversity jurisdiction statute.[12] Defendants Parkside Dwellings and Signature Housing Solutions are Florida citizens.[13]

---

[6] Doc. 1-1 at 3.
[7] *Id.*
[8] *Id.* at 4.
[9] *Id.* at 3.
[10] Doc. 1.
[11] *Id.* at 2.
[12] Doc. 1 at 3.
[13] *Id.* at 3-4.

Case No. 1:21-cv-01949
GWIN, J.

After Defendants removed the case to federal court, the parties exchanged their initial disclosures.[14] Defendants disclosed an incident report showing that Larry's Carpet Service, LLC performed repairs on the stairs where Plaintiff fell.[15] Defendants also disclosed that a Larry's Carpet Service employee may have discoverable information.[16]

Following the initial disclosures, Plaintiffs amended their complaint to add Larry's Carpet Service as a defendant.[17] Plaintiffs alleged that Larry's Carpet Service negligently maintained or repaired the apartment stairs, making the carpet company arguably liable for Plaintiff Asa's fall.[18] Larry's Carpet Service is a limited liability corporation whose sole member is an Ohio citizen, making the corporation an Ohio citizen.[19]

After amending the complaint to join Larry's Carpet Service, Plaintiffs moved to remand the case to the Cuyahoga County Court of Common Pleas.[20] In their motion, Plaintiffs argue that this Court does not have diversity jurisdiction over the case.

Plaintiffs argue that Plaintiff Asa is an Ohio citizen for purposes of diversity jurisdiction because she has an Ohio domicile. Plaintiffs argue that Plaintiff Asa has an Ohio domicile because she works at an Ohio hospital at least three days a week, leases an Ohio apartment, and has an Ohio medical license.[21] Because Plaintiff Asa and Defendant Larry's Carpet Services are both Ohio citizens, Plaintiffs argue, this Court lacks diversity jurisdiction here.

Defendant Larry's Carpet Service also moves to remand the case, offering different

---

[14] Doc. 12 at 2.
[15] *Id.*
[16] *Id.*
[17] Doc. 11.
[18] *Id.* at ¶¶ 31-38.
[19] *Id.* at ¶ 9; Doc. 12-2; Doc. 20-1.
[20] Doc. 12.
[21] *Id.* at 4.

- 3 -

Case No. 1:21-cv-01949
GWIN, J.

reasoning.[22] Defendant argues that Plaintiff Asa has a Toronto domicile because her permanent home is the Toronto residence she shares with her husband.[23] Because Plaintiff Asa is a U.S. citizen with a foreign domicile, Defendant Larry's Carpet Service argues that the Court should remand the case under the stateless person doctrine.[24]

Defendants Parkside Dwelling and Signature Housing Solutions oppose remand.[25] They argue that Plaintiff Asa did not offer evidence to show that she has an Ohio domicile. Even if Plaintiff Asa's assertions about her Ohio employment and residence are true, Defendants argue that they only show Ohio residence, not Ohio domicile.[26]

## II.    Legal Standard

A defendant in a state court case may remove that case to federal court if the plaintiff could have originally filed that case in federal court.[27] The parties seeking removal—here, Defendants Parkside Dwellings and Signature Housing Solutions—have the burden to show federal court jurisdiction.[28]

Because federal courts have limited jurisdiction, courts strictly construe jurisdiction statutes and resolve doubts against removal.[29]

In considering a motion to remand, courts look to the plaintiff's complaint and the notice of removal.[30] Courts may also consider other evidence in the record, provided that this factual inquiry "do[es] not implicate the merits of the plaintiff's claim."[31]

---

[22] Doc. 20.
[23] *Id.* at 3-4.
[24] *Id.* at 2.
[25] Doc. 13.
[26] *Id.* at 4-7.
[27] 28 U.S.C. § 1441(a).
[28] *Mays v. City of Flint, Mich.*, 871 F.3d 437, 442 (6th Cir. 2017).
[29] *Id.*
[30] *Gentek Bldg. Prod., Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007).
[31] *Id.*

- 4 -

Case No. 1:21-cv-01949
GWIN, J.

In removing this case, Defendants invoked this Court's diversity jurisdiction under 28 U.S.C. § 1332. That statute allows this Court jurisdiction over state law claims where (1) a civil action is between citizens of different states and (2) the controversy's value exceeds $75,000.[32]

Domicile determines citizenship for diversity jurisdiction.[33] Domicile "consists of (1) residence and (2) an intent to remain there."[34] A person can only have one domicile, even if they have multiple residences.[35] A domicile is a "true, fixed, and permanent home."[36] This permanence distinguishes domicile from residence. Establishing residence requires "an intention to remain some indefinite period of time, but not necessarily permanently."[37]

### III. Discussion

#### A. Plaintiff Asa's Citizenship and Domicile

To decide whether this Court has diversity jurisdiction over the case, this Court must resolve whether Plaintiff Asa is a U.S. citizen and whether she is has an Ohio domicile, making her an Ohio citizen for jurisdictional purposes.

Plaintiff Asa was born in the United States and, because of that United States birth, is a United States citizen.[38] At some time, Plaintiff Asa moved to Canada and also became a Canadian citizen. She is both a United States citizen and a Canadian citizen.[39] (How lucky is that!!)

In the notice of removal, Defendants Parkside Dwellings and Signature Housing

---

[32] 28 U.S.C. § 1332.
[33] *Certain Interested Underwriters at Lloyd's, London, England v. Layne*, 26 F.3d 39, 41 (6th Cir. 1994).
[34] *Mason v. Lockwood, Andrews & Newnam, P.C.*, 842 F.3d 383, 390 (6th Cir. 2016).
[35] *United States v. Namey*, 364 F.3d 843, 845 (6th Cir. 2004).
[36] *Eastman v. Univ. of Michigan*, 30 F.3d 670, 672-73 (6th Cir. 1994).
[37] *Id.* at 673.
[38] Doc. 11 at ¶ 5.
[39] *Id.*

Case No. 1:21-cv-01949
GWIN, J.

Solutions argued that this Court has diversity jurisdiction because Plaintiff Asa is a Canadian citizen domiciled in Ohio.[40] In their opposition to remand, Defendants reversed that position, arguing that Plaintiff Asa does not have an Ohio domicile while abandoning their foreign citizen argument.[41]

The Court finds that Plaintiff Asa is a United States citizen. Defendants Parkside Dwellings and Signature Housing Solutions offer no support for their claim that Plaintiff Asa is a foreign citizen. Defendants also abandoned the foreign citizen argument in their remand opposition brief.[42] The Court therefore credits Plaintiff Asa's assertion that she was born in the United States and has dual American and Canadian citizenship.[43]

The Court also finds that Plaintiff Asa does not have an Ohio domicile. Plaintiff Asa has Cleveland, Ohio and Toronto, Canada residences, but only one residence can be Plaintiff Asa's domicile.

Plaintiff Asa works three days per week at a Cleveland, Ohio hospital.[44] On the days she works in Cleveland, Plaintiff Asa lives at a Cleveland apartment she leases.[45] Her husband, Plaintiff Ezzat, lives in Toronto.[46]

On the record currently before the Court, Plaintiff Asa's Cleveland residence appears to be a temporary residence leased because of her part-time Ohio employment. Plaintiff Asa's Toronto residence, where her husband lives full-time and where Plaintiff presumably returns when not in Cleveland, is Plaintiff Asa's permanent residence. The Court finds that

---

[40] Doc. 1 at 2.
[41] Doc. 13 at 4-7.
[42] *Id.*
[43] Doc. 11 at ¶ 5.
[44] *Id.*; Doc. 12 at 4.
[45] Doc. 11 at ¶ 5; Doc. 12 at 4.
[46] Doc. 11 at ¶ 6.

Case No. 1:21-cv-01949
GWIN, J.

Plaintiff Asa has a Toronto, Canada domicile.

### B. Stateless Person Doctrine

Under the stateless person doctrine, federal courts do not have diversity jurisdiction over United States citizens domiciled abroad.[47] These United States citizens living in other countries are neither "citizens of a State" nor a "citizens or subjects of a foreign state" under 28 U.S.C. § 1332.[48] Therefore, no provision of the diversity jurisdiction statute grants federal courts jurisdiction over these stateless citizens.

Plaintiff Asa is a United States citizen domiciled abroad. The stateless person doctrine applies to her, meaning that this Court's diversity jurisdiction does not extend to this case.

### C. Ohio Citizenship

Although the Court finds remand appropriate because Plaintiff Asa is a stateless person, the Court nonetheless finds the domicile is a close question. Plaintiff Asa leases an apartment in Ohio and works in Ohio three days per week, creating a strong possibility of Ohio domicile.[49]

Even if the Court were to find that Plaintiff Asa has an Ohio domicile, however, remand would still be appropriate. Defendant Larry's Carpet Service is an Ohio citizen.[50] With an Ohio citizen Plaintiff and an Ohio citizen Defendant, the Court would not have diversity jurisdiction over the case.

No matter how the Court resolves the close domicile question, the Court must remand the case for lack of diversity jurisdiction.

---

[47] *Swiger v. Allegheny Energy, Inc.*, 540 F.3d 179, 184 (3d Cir. 2008); *see also Smith v. Queener*, No. 17-5770, 2018 WL 3344176, at *2 (6th Cir. Jan. 4, 2018); *see also Coury v. Prot*, 85 F.3d 244, 250 (5th Cir. 1996) (collecting cases).
[48] *Swiger*, 540 F.3d at 184..
[49] Doc. 11 at ¶ 5.
[50] *Id.* at ¶ 9; Doc. 12-2; Doc. 20-1.

Case No. 1:21-cv-01949
GWIN, J.

## IV. Conclusion

For the reasons stated above, the Court **GRANTS** Plaintiff Asa's and Defendant Larry's Carpet Services' motions to remand the case to the Cuyahoga County Court of Common Pleas.

IT IS SO ORDERED.

Dated: January 10, 2022                    *s/     James S. Gwin*
                                           JAMES S. GWIN
                                           UNITED STATES DISTRICT JUDGE